**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA,** |
| v. |
| **ELOHIM BEY CROSS**, |
| Defendant. |

Case No. 09-cr-00281-11 (CRC)

**MEMORANDUM OPINION**

In 2011, a jury convicted Defendant Elohim Bey Cross of conspiracy to distribute and possess with the intent to distribute over one kilogram of heroin, in violation of 21 U.S.C. § 841(b)(1)(A)(i), and he was given a mandatory-minimum twenty-year sentence. Recently, by Memorandum Opinion and Order, this Court granted Cross's Petition for Post-Conviction Relief under 28 U.S.C. § 2255, on the grounds that his trial counsel—in failing to employ key evidence at her disposal—had rendered constitutionally deficient performance. See Memorandum Opinion, April 18, 2017, ECF No. 465; Order, April 18, 2017, ECF No. 466. However, noting that "the prejudice stemming from trial counsel's ineffectiveness [had been] limited to the drug-quantity element of Cross's conviction," and that "the jury [had been] instructed, and impliedly made a guilt determination, on two lesser-included offenses with lower drug-quantity thresholds," the Court stopped short of vacating Cross's conviction. Mem. Op. at 30. Instead, the Court vacated his *sentence*, and sought supplemental briefing "on the effect of the Court's prejudice finding on Cross's conviction." Id.

Cross has since moved for his release from custody, arguing that under Alleyne v. United States, 133 S. Ct. 2151 (2013), he "could not be subject to any mandatory minimums without being retried"; that, accordingly, the Court would be required to sentence him "within the

framework of [21 U.S.C.] § 841(b)(1)(C) or § 841(c)," which have no specified drug-quantity thresholds and no mandatory minimums; and that any within-Guidelines sentence grounded in convictions under those provisions would fall short of the custodial time Cross has effectively served. Pet'r's Mot. for Release from Custody, ECF No. 468; Pet'r's Reply Supp. Mot. for Release ("Pet'r's Reply"), ECF No. 471. The Government responds that Alleyne is inapposite, since the jury was instructed on lesser-included drug quantities, and therefore by implication found those amounts. See Gov't's Reply to Suppl. Br. ("Gov't's Reply"), ECF No. 478, at 12. It urges the Court to leave in place Cross's "[21 U.S.C.] § 846 conspiracy conviction and resentence [him] pursuant to [21 U.S.C.] § 841(b)(1)(B)(i)," which—due to an applicable prior felony drug conviction enhancement—would establish for Cross a ten-year mandatory minimum, based on a 100-gram drug-quantity threshold. Gov't's Reply 2. Finally, in his third submission following this Court's Order, Cross asks for a new trial, arguing that this Court lacks the authority to reinstate *any* lesser-included conspiracy conviction—even one lacking a mandatory minimum. See Pet'r's Suppl. Br., ECF No. 475.

Section 2255 provides that, when a court finds on collateral attack that a sentence has been imposed unlawfully, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Noting in particular the last four words of that provision, the D.C. Circuit has recently emphasized that it confers upon district courts "discretion in choosing from among" the provision's available remedies. United States v. Palmer, 854 F.3d 39, 49 (D.C. Cir. 2017). In light of the parties' supplemental arguments, and under the circumstances present here, the Court identifies the following possible remedies—now that it has vacated Cross's sentence for his conviction for conspiring to distribute one kilogram or more of heroin, in

violation of 21 U.S.C. § 841(b)(1)(A)(i). First, as the Government favors, the Court could sentence Cross based on a lesser-included conviction for conspiring to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(B)(i). Second, as Cross initially suggested, the Court could sentence Cross based on a lesser-included conviction for conspiring to distribute any detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(C), which would carry no mandatory minimum. Third, as Cross now urges, the Court could simply vacate Cross's conviction and grant him a new trial.

Starting from the top, for the same reason that the Court vacated Cross's sentence on the one-kilogram conspiracy conviction, the Court declines to sentence Cross based on a 100-gram conspiracy conviction. In short, Cross has shown that "there is a reasonable probability that, but for [his trial] counsel's" failure to employ the drug-quantity chart in his defense, the jury would not have attributed *even one hundred grams* of heroin to him. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Together with the reasoning outlined in the Court's previous Opinion, that conclusion follows because the only trial evidence arguably tying Cross to a greater-than-100-gram drug quantity, aside from Toure's testimony, was a wiretapped phone conversation in which Cross referenced a "dollar fifty cent ticket." Gov't's Opp'n Def.'s Mot. Vacate, Ex. B, at EC_000031. And the only evidence suggesting that this phrase indicated a *quantity* (namely, of 150 grams) came from Toure's testimony, see Trial Tr. 32:5–7 (July 19, 2011 p.m.), which ought to have been impeached. There is thus easily a "reasonable probability," Strickland, 466 U.S. at 694, that the jury would have attributed less than 100 grams of heroin to Cross if the drug-quantity chart had been utilized. Accordingly, the Court will not sentence Cross based on a

3

lesser-included conviction under 21 U.S.C. § 841(b)(1)(B)(i), for joining a 100-gram heroin conspiracy.[1]

The prejudice concern would not be implicated, however, were the Court to sentence Cross based on a lesser-included conviction for conspiring to distribute *any detectable amount* of heroin, under 21 U.S.C. § 841(b)(1)(C). The Court has already found that "there was abundant evidence introduced at trial that Cross entered into a conspiracy with Toure." Mem. Op. at 24. Cross presses the argument that the conspiracy was actually one to distribute *marijuana* rather than heroin, citing stray testimony from Toure that he sold marijuana around the time of the relevant heroin conspiracy, see Trial Tr. 43–44, 48 (July 19, 2011 p.m.), and three wiretapped calls discussing marijuana transactions between Toure and an unknown male (or males), see Suppl. to Pet'r's Suppl. Br., ECF No. 479. The calls, however, *which were not introduced at Cross's trial*, are in no way legally relevant to whether Cross was prejudiced by his trial counsel's failure to introduce the drug-quantity document. See Strickland, 466 U.S. at 695 ("In making [a prejudice] determination, a court hearing an ineffectiveness claim must consider the totality of the evidence *before the judge or jury*.") (emphasis added). And in any event, the calls reveal little more than what Toure's stray testimony established: Toure was selling marijuana around the time he was *also* distributing heroin. That fact hardly forecloses the likelihood that the conspiracy between Cross and Toure was one to distribute heroin, particularly when: (1) heroin (and not marijuana) was found in Cross's hotel room; (2) the drug-quantity chart indicated that heroin (and not marijuana) was recovered from Cross; and (3) there is no affirmative evidence that Cross ever purchased marijuana from Toure. For these reasons, and those set forth

---

[1] Because the Court finds that there was prejudice to the jury's implied 100-gram heroin amount finding, as well as its 1-kilogram heroin amount finding, there is no need to resolve whether Alleyne, 133 S. Ct. 2151, and related cases are implicated in these circumstances.

in the Court's prior opinion, there is no danger of prejudice to Cross's conviction except as to the drug quantity element.

Cross makes a separate argument that this Court is without jurisdictional authority under § 2255 to enter a conviction for a lesser-included offense. He cites the text of the statute's remedial provision, which as discussed above, permits a court to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate," but not expressly to enter a conviction for a lesser-included offense. 28 U.S.C. § 2255(b). This text-based argument, however, is at odds with the case law, which has understood § 2255's language—in particular, the provisions permitting a court to "resentence" and "correct the sentence as may appear appropriate"—as conferring "grants of broad and flexible power to the district court." Rutledge v. United States, 230 F.3d 1041, 1047 (2000); see also United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997). Indeed, that "broad and flexible power" under § 2255 has been held specifically by at least two courts to include the power to enter a lesser-included conviction where it "does not suffer from [the] procedural or substantive defect" of the greater conviction. Rutledge, 230 F.3d at 1048; see also United States v. Silvers, 888 F. Supp. 1289, 1306–09 (D. Md. 1995), aff'd in relevant part 90 F.3d 95 (4th Cir. 1996). One of those cases was cited with approval by the Supreme Court. See Rutledge v. United States, 517 U.S. 292, 306 (1996) (citing Silvers, 888 F. Supp. at 1306–09).[2] The Court, accordingly, finds that it has jurisdiction to enter a lesser-included offense as a form of § 2255 relief.

---

[2] Cross attempts to distinguish these cases on the grounds that they involved "the reinstatement of a previously-vacated verdict that had been initially, and expressly, returned by the jury." Pet'r's Reply 6. But nothing in the reasoning of those decisions supports the conclusion that a district court, in fashioning post-conviction relief, may reinstate an *expressly* found, but *not* an *impliedly* found, lesser-included offense. If the former is a valid means of "resentenc[ing]" or "correct[ing] [a] sentence"—on the theory that a lesser-included offense is

5

The Court, then, is left with two potential remedies: sentencing Cross based on the lesser-included penalty provision of 21 U.S.C. § 841(b)(1)(C), for a conspiracy involving "any detectable amount" of heroin; or vacating Cross's conviction and granting him a new trial. These circumstances are nearly identical to those faced by the Fourth Circuit in a pair of cases Cross cites in his briefing. Like Cross, the defendant in United States v. Collins, 415 F.3d 304, 314 (4th Cir. 2005), had been convicted of one count of conspiracy, 21 U.S.C. § 846, to distribute a controlled substance, 21 U.S.C. § 841(a)(1), under 21 U.S.C. § 841(b)'s highest penalty provision, § 841(b)(1)(A), which for Collins was based on an attribution of 50 grams or more of crack cocaine. Collins, 415 F.3d at 311–12. The Fourth Circuit found that the district court had erroneously instructed the jury as to the drug quantity attributable to the defendant, and that accordingly, there was error *with respect to the § 841(b) penalty provision*. Id. at 314. At the same time, the court noted that the defendant's "conviction under § 846 [was] sound," as was the underlying substantive narcotics distribution provision, § 841(a). Id. Recognizing that permitting the district court itself to determine the drug quantity for the purposes of § 841(b) would run afoul of the Sixth Amendment, the court presented the Government with a choice. It could (1) "request that [the court] affirm the conspiracy conviction and remand for [the defendant] to be resentenced under the default penalty provision in § 841 . . . 21 U.S.C. § 841(b)(1)(C)," or (2) "request that [the court] reverse [the defendant's] conspiracy conviction and remand for a new trial." Id. at 315. In United States v. Davis, 270 F. App'x 236 (4th Cir. 2008), the Fourth Circuit gave the Government the same choice, under similar circumstances. Id. at 255.

---

"part of the sentencing package which the defendant has challenged," Rutledge, 230 F.3d at 1048—then the latter should be permitted, as well.

Here, too, the Court finds that offering the Government a choice between a new trial, and a sentence based on 21 U.S.C. § 841(b)(1)(C)'s penalty provision, is the best means of balancing the relevant equities. Both alternatives would "neutralize the taint of [the] constitutional violation," and neither would "grant a windfall to the defendant." Lafler v. Cooper, 566 U.S. 156, 170 (2012) (citations and quotation marks omitted). However, the Government is in the best position to determine whether conducting a new trial, rather than accepting the entrance of a lesser-included conviction and sentence, would "needlessly squander the considerable resources [necessarily] invested in [a] criminal prosecution." Id. Accordingly, and as set forth in an accompanying Order, the Court will give the Government seven days to elect between those alternatives.[3]

*Christopher R. Cooper*
CHRISTOPHER R. COOPER
United States District Judge

Date: June 23, 2017

---

[3] A procedural wrinkle remains: If the government requests that the Court sentence Cross based on the lesser-included offense, should the Court leave in place Cross's § 846 conspiracy conviction and resentence him under the lesser penalty provision, as the Government has more recently suggested, see Gov't's Reply 2, or "*vacate* [Cross's] conviction," and then "*enter a judgment of conviction* for the lesser-included offense," as the Government initially urged? Gov't's Suppl. Br. 1, ECF No. 470. In light of case law indicating that § 841 is "a tripartite statute that establishes three crimes with three different statutory sentence maxima depending on the drug quantity categories of § 841(b)," United States v. Ginyard, 511 F.3d 203, 209 (D.C. Cir. 2008) (citing United States v. Webb, 255 F.3d 890, 895 (D.C. Cir. 2001)), the Court believes that the Government's initial suggestion—vacating one conviction and entering another—is procedurally more sound.